Case 3:13-cv-00003-CRS-JDM   Document 1   Filed 01/02/12   Page 1 of 5 PageID #: 1

United States District Court
Western District of Kentucky
Louisville Division
Case No: _____
3-13-cv-3-S

Steve Ross                                                                                      Plaintiff
2810 Thames Avenue
Louisville, Kentucky 40220

v.

Creative Image Technologies, LLC
2011 Breighton Circle, Unit 8
Shelbyville, Kentucky 40065

    Serve Registered Agent:

        Larry Glynn
        211 Breighton Circle, Unit 8
        Shelbyville, Kentucky 40065

And

Guidance, Inc.
211 Breighton Circle, Unit 8
Shelbyville, Kentucky 40065

    Serve Registered Agent:

        Larry Glynn
        211 Breighton Circle, Unit 8
        Shelbyville, Kentucky 40065

                                                                                                       Defendants

## COMPLAINT

      Now comes the Plaintiff, Steve Ross ("Mr. Ross" or "Plaintiff"), by and through counsel, and for his Complaint against the Defendants, Creative Image Technologies, LLC and Guidance, Inc., hereby states:

## THE PARTIES

1. Mr. Ross is a citizen of Kentucky, at all relevant times having resided in Jefferson County, Kentucky.

2. Defendant Creative Image Technologies, LLC, ("Creative" or collectively "Defendants") is a for-profit Kentucky limited liability company, licensed and authorized to do business in Kentucky, with its principal office located at 211 Breighton Circle, Unit 8, Shelbyville, Kentucky 40065.

3. Defendant Guidance, Inc. ("Guidance" or collectively "Defendants") is a for-profit Kentucky corporation, licensed and authorized to do business in Kentucky, with its principal office located at 211 Breighton Circle, Unit 8, Shelbyville, Kentucky 40065.

4. On information and belief, Larry Glynn, is the registered agent for both Creative and Guidance and is also owner, officer, director and/or managing agent of both Defendants.

## JURISDICTION AND VENUE

5. This action is instituted pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337 and 1343.

6. This Court has jurisdiction over this controversy by virtue of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337 and 1343.

7. Venue of this action is properly founded in this District by virtue of 28 U.S.C. § 1391(a)(1), as the Plaintiff resides within this judicial district and a substantial portion of the events giving rise to the claims occurred in this district.

## COUNT 1

### Fair Labor Standards Act

8. Paragraphs 1 – 7 are hereby incorporated as if fully rewritten here.

9. Both Creative and Guidance managers, directors, officers and agents acted intentionally and maliciously and Defendants are both an "employer" pursuant to the Fair Labor Standards Act (hereinafter referred to as the "Act"), 28 U.S.C. §203(d) and Regulations promulgated thereunder, 29 C.F.R. §791.2.

10. At all relevant times, both Creative and Guidance were, and continue to be, an "enterprise engaged in commerce" within the meaning of the Act.

11. At all relevant times, the work performed by Mr. Ross was directly essential to the business operated by Creative and Guidance during his respective employment with each.

12. At all relevant times, Defendants knowingly and willfully failed to pay Mr. Ross his lawfully earned overtime wages in direct violation of the Act.

13. Mr. Ross has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

14. On or about August 31, 2009, Mr. Ross was hired by Creative to work as a Sales Engineer for Creative's business.

15. Mr. Ross worked for Creative until January 3, 2011 when he was transferred by management of Creative to work for Guidance. He remained employed with Guidance until July 26, 2012 when his employment was terminated by Guidance.

16. During his entire employment by both Creative and Guidance, Mr. Ross worked between fifty (50) and sixty (60) hours per week. Nevertheless, Mr. Ross' work performed above forty (40) hours per week was not paid at time and one-half by Creative or Guidance as required by state law and the Act.

17. Defendants knowingly and willingly operated their business with a policy of not paying the Act's overtime rate (of time and one-half), in direct violation of the Act and the supporting federal regulations.

18. At all relevant times, on information and belief, both Creative and Guidance were and continue to be an employer engaged in interstate commerce and/or the production of good for commerce within the meaning of the Act, 29 U.S.C. §§ 206(a), 207(a). Further, Mr. Ross is a covered individual within the meaning of the Act, 29 U.S.C. §§ 206(a), 207(a).

19. At all relevant times, Defendants employed Mr. Ross within the meaning of the Act.

20. Defendants failed to pay Mr. Ross overtime compensation in the lawful amount for all hours worked in excess of the maximum hours of forty hours in a workweek as provided for in the Act.

21. Defendants knowingly and willfully disregarded the provisions of Act as evidenced by their failure to compensate Mr. Ross the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Mr. Ross.

22. Defendants failed to properly disclose or apprise Mr. Ross of his rights under the Act.

23. As a direct and proximate result of Defendants' willful disregard of the Act, Mr. Ross is entitled to liquidated damages as provided for under the Act.

24. Due to the intentional, willful and unlawful acts of the Defendants, Mr. Ross suffered damages of approximately Fifty Three Thousand One Hundred Thirty dollars ($53,130.00) of unpaid overtime compensation, and an equal amount as liquidated damages, plus prejudgment interest.

25. Furthermore, as provided for in the Act, Mr. Ross is entitled to an award of his reasonable attorney's fees, costs and expenses, pursuant to 28 U.S.C. §216(b).

<-_->

**WHEREFORE**, Plaintiff Steve Ross respectfully prays for the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

B. An injunction against Creative Image Technologies, LLC, and Guidance, Inc., their directors, officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

C. An award of unpaid overtime wages due Mr. Ross under the Fair Labor Standards Act;

D. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the Fair Labor Standards Act.

E. An award of prejudgment and post-judgment interest;

F. An award of costs and expenses associated with this action, together with reasonable attorney's and expert fees; and

G. Such other and further relief as this Court determines to be just and proper.

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Steve Ross, demands trial by jury on all issues.

Respectfully submitted,

*/s/ Gregory S. Metzger*
Gregory S. Metzger
Christine Gilliam
REMINGER CO., LPA
730 W. Main Street, Suite 300
Louisville, Kentucky 40202
T: (502) 584-1310
F: (502) 589-5436
**Counsel for Plaintiff Steve Ross**