UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEVE ROSS                                                      PLAINTIFF


v.                                            CIVIL ACTION NO. 3:13-CV-3


CREATIVE IMAGE TECHNOLOGIES, LLC
and GUIDANCE, INC.                                            DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**


Presently before the court are two motions: (1) a motion by Defendants Creative Image Technologies, LLC ("Creative") and Guidance, Inc. ("Guidance") to stay this action (DN 9); and (2) a motion by Plaintiff Steve Ross for entry of default against Creative and Guidance (DN 12). For the reasons stated herein, both motions will be denied.

This action was brought by Ross against his former employers, Creative and Guidance, pursuant to the Fair Labor Standards Act ("FLSA"). According to Ross's complaint, he was initially hired by Creative to work as a "Sales Engineer," but after about 15 months of working at Creative, he was transferred to work for Guidance. Ross worked for Guidance for approximately 18 months, until his employment was terminated by Guidance. Ross alleges that he worked between 50 and 60 hours per week during his employment by Creative and Guidance, but he did not receive overtime compensation for the hours he worked in excess of 40 hours each workweek. Ross seeks $53,130 in unpaid overtime compensation, an equal amount of liquidated damages, interest, costs and expenses, attorney's fees, and an injunction preventing Creative and Guidance from continuing to engage in allegedly unlawful practices.

Ross filed his complaint on January 2, 2013. The court entered an agreed order on January 23, 2013 granting Creative and Guidance an additional 14 days within which to file an answer. On February 5, Creative and Guidance moved to stay the action on the grounds that a parallel earlier-filed action was pending in Jefferson County, Kentucky, Circuit Court. On February 25, 2013, Ross filed the motion for entry of default against Creative and Guidance.

To start, the court will deny Ross's motion for entry of default. Under Rule 55(a), default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, while Creative and Guidance have not yet filed a responsive pleading, they have filed a motion to stay this action in favor of another proceeding. Creative and Guidance argue that the motion to stay extended the deadline for them to file an answer and that such a motion falls within the meaning of the words "otherwise defend" in Rule 55(a). Ross contends that a motion to stay is insufficient to ward off entry of default because a motion to stay is not a responsive pleading or Rule 12(b) motion.

While Ross may be correct that a motion to stay is not a responsive pleading or a Rule 12(b) motion, that does not mean that a motion to stay is not an attempt to "otherwise defend" within the meaning of Rule 55(a). The Advisory Notes to the 2007 Amendments to Rule 55 confirm the view that Rule 55(a) does not require a responsive pleading or Rule 12(b) motion to ward off entry of default:

> Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

Simply put, by filing a motion to stay this proceeding, Creative and Guidance showed a desire to contest the action. Entering a default against them would thus be inapprorpirate. *See Higgins v. Dankiw*, 2008 WL 2565110 (D.Neb. June 24, 2008) (reaching the same conclusion that a motion to stay the proceedings fell within the meaning of "otherwise defend" in Rule 55(a)).

We thus turn to the merits of the motion to stay. On November 7, 2012, Creative and Guidance filed suit in Jefferson Circuit Court (the "State Court Action") against Ross and Eric Wiegel, a former employee of Creative. In the complaint in the State Court Action, Creative and Guidance state that they are sister companies that were in the business of selling and installing high-end audio-visual equipment to corporations and schools. Creative and Guidance allege that both Wiegel and Ross signed non-compete and non-disclosure agreements while working for Creative and Guidance. Creative and Guidance claim that after Wiegel and Ross had their employment terminated in June of 2012 and July of 2012, respectively, they violated their non-compete and non-disclosure agreements and utilized trade secret information they gleaned from Creative and Guidance. Additionally, Guidance claims that Ross breached a fiduciary duty he owed to it.

According to Creative and Guidance, the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) counsels in favor of a stay in this action in favor of the first-filed State Court Action. "In *Colorado River*, the Supreme Court noted that, despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (internal citation omitted) (quoting *Colorado River*, 424 U.S. at 817). To determine whether such abstention is appropriate, a district

court undertakes a two-step test. First, the district court must "determine that the concurrent state and federal actions are actually parallel." *Id.* While the two actions need not be exactly identical to be deemed parallel, the two actions must be substantially similar. *Id.* at 340. If the actions are determined to be parallel, then the district court must apply a multi-factor balancing test to determine whether to abstain. *Id.* at 340-341 (setting forth factors).

This action is not parallel to the State Court Action because it involves entirely different issues predicated on entirely different facts. The most that can be said in favor of the similarity of the two actions is that they are in some way related to Ross's employment with Creative and Guidance. But that superficiality aside, the issues in the two actions have virtually nothing in common. The issues surrounding Ross's FLSA claim in this action concern whether or not Creative and Guidance paid him overtime wages for any hours he worked in excess of 40 hours per week, and whether or not Creative and Guidance were mandated by the FLSA to pay him overtime wages for those hours. The issues surrounding Creative and Guidance's breach of contract, breach of fiduciary duty, and trade secret claims in the State Court Action concern whether Wiegel and Ross signed valid non-compete and non-disclosure agreements and what actions those two took after their employment with Creative or Guidance was terminated. In short, other than the simple fact that Ross had worked for Creative and Guidance, there is no crossover of relevant facts or issues between this action and the State Court Action. Certainly, the two actions cannot be called "substantially similar."

Creative and Guidance suggest that Ross's FLSA claim is actually part of the State Court Action because it is a compulsory counterclaim in that action. This court disagrees. Kentucky Rule of Civil Procedure 13.01 states that a party must raise a counterclaim if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." It is clear that

Ross's FLSA claim does not arise out of the transaction or occurrence that is the subject of Creative and Guidance's breach of contract, breach of fiduciary duty, and trade secrets claims. The transactions underlying the latter claims are Ross's alleged signing of non-compete and non-disclosure agreements and his actions after he was terminated by Guidance. The transactions or occurrences underlying his FLSA claims are his alleged work in excess of 40 hours per week for Creative and Guidance and the company's alleged failure to pay him overtime wages for that work.

Creative and Guidance cite *McConnell v. Applied Performance Technologies, Inc.*, 98 F. App'x 397 (6th Cir. 2004) for the proposition that FLSA claims are compulsory counterclaims to state court actions predicated on an employment contract. But their reading of *McConnell* is far too broad. In *McConnell*, the defendant, APT, had previously sued McConnell, a former employee, for compensation APT had allegedly overpaid to him. After that action settled, McConnell brought a FLSA overtime pay claim against APT. The Sixth Circuit affirmed the district court's grant of summary judgment to APT in the FLSA action on the basis that the FLSA claim was a compulsory counterclaim in the already settled state court action. *McConnell*, 98 F. App'x at 398.

The obvious difference between *McConnell* and this action is the nature of the claims brought in the state court actions. In *McConnell*, the state court action concerned what amount of compensation a company owed to its former employee. Thus, the former employee's claim relating to what compensation he was due from the company was held to have arisen from the same transaction or occurrence. *See McConnell v. Applied Performance Technologies, Inc.*, 2002 WL 32882707, at *7 (S.D.Ohio Dec. 11, 2002) ("Like APT's claim to recover for alleged overcompensation, McConnell's overtime claims specifically involve the question of how much money APT should have paid him for his services. . . . More importantly, many of the same factual

- 5 -

determinations would be relevant to both claims."). Here, in contrast to *McConnell*, the State Court Action has nothing to do with Ross's compensation.

Simply put, there is no substantial similarity between Ross's FLSA claim in this action and the breach of contract, breach of fiduciary duty, and trade secrets claims in the State Court Action. Accordingly, the actions are not parallel and a stay is not warranted. Creative and Guidance will have 14 days from the date of entry of this memorandum opinion and order within which to file a response to Ross's complaint.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED THAT** the motion of Plaintiff Steve Ross for entry of default (DN 12) is **DENIED** and the motion of Defendants Creative Image Technologies, LLC and Guidance, Inc. to stay (DN 9) is **DENIED**. It is **FURTHER ORDERED** that Defendants Creative Image Technologies, LLC and Guidance, Inc. shall have **fourteen (14) days** from the date of entry of this memorandum opinion and order within which to file a response to Ross's complaint.

**IT IS SO ORDERED.**

May 30, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**