UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEVE ROSS                                                                                    PLAINTIFF

v.                                                                          NO. 3:13-CV-00003-CRS-JDM

CREATIVE IMAGE TECHNOLOGIES, LLC and
GUIDANCE, INC.                                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of the defendants, Creative Image Technologies, LLC ("Creative") and Guidance, Inc. ("Guidance") (collectively, "Defendants"), for summary judgment. (DN 34). For the reasons set forth below, the court will grant Defendants' motion for summary judgment (DN 34).

## I.   BACKGROUND

Defendants[1] claim to be in the business of "sell[ing], design[ing], install[ing], and maintain[ing] complex audio visual ('AV') presentation computer systems for corporate clients." (Defs.' Mem., DN 35-1, p. 2). Creative initially hired Plaintiff Steve Ross as a Sales Engineer on August 31, 2009. (Compl., DN 1, ¶ 14). Plaintiff held that position until January 3, 2011, when he was transferred to work at Guidance. (*Id.* at ¶ 15). Guidance terminated Plaintiff's employment on July 26, 2012. (*Id.*).

On January 2, 2013, Plaintiff filed a one count complaint with this court pursuant to the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* In his complaint, Plaintiff alleges that he is entitled to more than $53,000 in overtime pay for hours that

---

[1] Creative and Guidance are separate legal entities, but they share common ownership. Accordingly, we will refer to them jointly for the purposes of this Memorandum Opinion.

he worked in excess of forty hours per week from August 2009 until his termination in July 2012. Defendants have moved for summary judgment on Plaintiff's FLSA claim. (DN 34). They argue that Plaintiff may not recover overtime pay because he is an exempt computer professional under 29 U.S.C. § 213(a)(17).

## II.     STANDARD

A court may grant a motion for summary judgment if it finds that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962). However, the nonmoving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. It must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party's]

position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Defendants seek summary judgment on Plaintiff's claim for overtime compensation. Generally, the FLSA requires that an employer pay time and a half for each hour that an employee works in excess of 40 hours per week. 29 U.S.C. § 207(1). This provision is subject to certain exemptions. One such exemption is for computer professionals. *See* 29 U.S.C. § 213(a)(17). It provides that the FLSA's overtime requirement does not apply to:

> [A]ny employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is—
>
> (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
>
> (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
> (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
> (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

29 U.S.C. § 213(a)(17).

The sole issue before the court on this motion for summary judgment is whether Plaintiff fits within the FLSA's computer professional exemption, which would release Defendants from their obligation to compensate Plaintiff for overtime hours worked.[2] Defendants contend that

---

[2] It is undisputed that Plaintiff was compensated in the amount of $75,000 per year, thus exceeding the minimum compensation requirements of the computer professional exemption. (Pl.'s Dep., DN 34-1, p. 23).

-3-

Plaintiff's primary duty during his employment with Defendants fell within the scope of § 213(a)(17)(B). Defendants bear the burden of proof on this issue. *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (citations omitted). "Primary duty" is defined as "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). The applicable regulation further specifies the nature of the "primary duty" inquiry as follows:

> Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id.* Although "employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. . . . , [t]ime alone, however, is not the sole test." *Id.* § 541.700(b). Thus, employees who spend less than 50 percent of their time "performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion." *Id.*

To support their contention that Plaintiff's primary duty during his employment falls within the scope of § 213(a)(17)(B), Defendants direct the court to Plaintiff's deposition testimony in which he testified that his job title at Creative was "sales engineer." (Pl.'s Dep., DN 34-1, p. 4–5). Although he was not given a job title at Guidance, Plaintiff essentially performed the same duties there and described his role as a "design engineer" of audio visual ("AV") systems. (*Id.*). As a design engineer, Plaintiff was responsible for creating customized

infrastructures for clients' audio and visual needs. Plaintiff further described his job duties as follows:

> A: I was the primary technical resource for both staffs, for Creative and for Guidance.
>
> Q: Technical resource meaning if somebody didn't understand how hardware or software functioned, they might come to you for expertise, correct?
>
> A: They might come to ask my opinion based on my experience, yes.
>
> Q: So, what was your primary role when you were at Creative and Guidance?
>
> A: Support salespeople.
>
> Q: By providing that expertise?
>
> A: By providing technical expertise, yes.

(Pl.'s Dep., DN 34-1, p. 7–8). Plaintiff testified that most of the technical tasks that he performed involved design engineering. (*Id.* at 9).

Defendants also offer the affidavit of Larry Glynn, the president and owner of Creative and Guidance, to provide an additional description of Plaintiff's role at both companies, specifically as it relates to the design, testing, or modification of computer systems or programs. According to Glynn, Plaintiff designed and sold AV systems that were controlled by computers. In Glynn's estimation, Plaintiff "on a daily basis applied computer systems analysis techniques and procedures, including consulting with users . . . to determine hardware, software, or system functional specifications for Creative's and Guidance's clients, and designed and modified computer systems or programs based on and related to system design specifications provided by Creative's and Guidance's clients . . . ." (Glynn Aff., DN 38-1, ¶ 11). Thus, Defendants have introduced evidence which shows that Plaintiff's primary job duty involved the creation of

-5-

customized AV systems through the design and modification of computer systems or programs, as well as the provision of technical support to Defendants' sales staff.

Plaintiff disputes Defendants' classifications of his job duty, and he contends that summary judgment is improper because there are disputed factual issues regarding the scope of his role at Creative and Guidance. In an affidavit sworn less than two months after his deposition, Plaintiff asserts that that the work he performed for Defendants was merely facilitated by the use of computers. Plaintiff also disagrees with Glynn's characterization of his role at Creative and Guidance as involving the design and modification of computer systems or programs. Instead, Plaintiff describes himself as a self-taught, AV "engineer technician" whose job duties involved "choos[ing] and determin[ing] which pieces of equipment are capable of being connected together to allow a customer to view and hear multimedia content." (Pl.'s Aff., DN 36-1, ¶ 7). Other than using a computer to demonstrate to the client how the equipment was arranged and connected, Plaintiff claims that his work "had nothing to do with computers, computer information technology, computer systems, computer software or computer programming." (*Id.*).

However, after viewing the evidence in its entirety, including Plaintiff's deposition testimony, it is apparent that Plaintiff's affidavit understates his role at both Creative and Guidance and mischaracterizes his use of computer systems and programming to accomplish his AV design duties. Plaintiff's deposition testimony belies the subsequent declaration in his affidavit that his role at Creative and Guidance involved merely plugging one piece of equipment into another; rather, Plaintiff testified that as a "design engineer," he determined *how* the pieces would connect through the use of certain computer software. This testimony is further supported by emails that Plaintiff sent to clients during the course of his employment. (Glynn Aff., DN 38-

1). These emails indicate that the AV systems that Plaintiff designed were controlled by computer systems, including Crestron control systems, and that Plaintiff utilized computer software when designing and modifying these AV systems. Thus, as evidenced by Plaintiff's deposition testimony and the client emails produced by Defendants, Plaintiff's work as an AV design engineer invariably involved the design, testing, or modification of computer systems or programs.

Accordingly, after considering the evidence presented by the parties, we find that Plaintiff is an exempt computer professional under 29 U.S.C. § 213(a)(17)(B). Defendants have met their burden of showing that Plaintiff is "similarly skilled [to a computer systems analyst, computer programmer, or software engineer]," and his "primary duty is . . . the design, . . . testing, or modification of computer systems or programs . . . based on and related to user or system design specifications." 29 U.S.C. § 213(a)(17)(B). Even though each party disputes the label that the other has given to Plaintiff's employment status and role, the parties do not seem to dispute the basic functions that Plaintiff performed in the scope of his employment with Defendants. Thus, having found no dispute as to any material facts, Defendants are entitled to summary judgment on Plaintiff's claim for overtime compensation under the FLSA. A separate order and judgment will be entered in accordance with this Memorandum Opinion.

June 25, 2014

                                                Charles R. Simpson III, Senior Judge
                                                United States District Court